# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DIAMOND BOLTON and KYRIE TURNER, as surviving children of JOHNNY BOLTON, and DIAMOND BOLTON as administrator of the ESTATE OF JOHNNY BOLTON<br><br>Plaintiffs,<br><br>v.<br><br>SAMUEL DANIEL, individually,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:21-cv-4052-SEG<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT[1]

This is a constitutional rights case about Johnny Bolton, an unarmed man who was shot and killed in his home during the execution of a no-knock warrant.

## INTRODUCTION

1. On December 17, 2020 at approximately 4:40 am, a SWAT team entered a Smyrna apartment without warning.

---

[1] Plaintiffs' First Amended Complaint adds Diamond Bolton as administrator of the Estate of Johnny Bolton as a Plaintiff in this matter. This amendment is made with the consent of Defendant, pursuant to Federal Rule of Civil Procedure 15(a)(2).

2. Within seconds, Defendant Samuel Daniel of the Cobb County Sheriff's Office fired at least two shots that struck, and ultimately killed, Johnny Bolton.

3. In the moments immediately prior to officers' sudden entry into the apartment, Johnny Bolton was sleeping or lying down on a couch in the living room of the Smyrna apartment.

4. Bolton was unarmed and posed no threat, imminent or otherwise, to anyone.

5. Prior to entering the home, the officers had not acquired any information that would cause any reasonable officer to believe that Bolton posed any threat, imminent or otherwise, to anyone.

6. Upon entry into the home, Bolton did nothing that would cause a reasonable officer to believe that Bolton posed any threat, imminent or otherwise, to anyone.

**PARTIES**

7. Diamond Bolton is Johnny Bolton's adult daughter and surviving heir.

8. Kyrie Turner is Johnny Bolton's adult son and surviving heir.

9. On July 19, 2022, Diamond Bolton was appointed administrator of the Estate of Johnny Bolton. *See In Re: Estate of Johnny Lorenzo Bolton*, 21-P-0576 (Cobb Probate Ct.).

10. Samuel Daniel is a law enforcement officer with the Cobb County Sheriff's Office sued in his individual capacity. At all times relevant to the complaint, Daniel acted under the color of law.

## JURISDICTION AND VENUE

11. This is a constitutional rights action arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution and Georgia law. This Court has jurisdiction of federal claims under 28 U.S.C. §§ 1331 and 1343 and jurisdiction of state law claims pursuant to 28 U.S.C. § 1367.

12. Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims arose in this district and division.

## FACTUAL ALLEGATIONS

13. A drug task force in Cobb County secured a no-knock warrant for an apartment in Smyrna.

14. Johnny Bolton was not the subject of the underlying investigation and was not mentioned in the warrant application.

15. The Cobb County Sheriff's Department SWAT team was assigned to execute the no-knock warrant.

16. Defendant Daniel was a member of the SWAT team responsible for executing the no-knock warrant.

17. Bolton had been living on the couch in the living room of the Smyrna apartment.

18. In the early morning hours of December 17, 2020, Bolton was apparently asleep on a couch in the living room of the Smyrna apartment.

19. Bolton was unarmed.

20. The SWAT team executed the no-knock search warrant at approximately 4:40 am on December 17, 2020.

21. The officers did not knock or announce themselves.

22. Instead, the SWAT team broke through the front door without any warning.

23. Awakened by the SWAT team's loud and sudden entry, Bolton began to stand up.

24. Bolton did not say anything that an objectively reasonable officer would perceive as threatening.

25. Bolton did not do anything that an objectively reasonable officer would perceive as threatening.

26. Bolton did not step towards the officers.

27. Defendant Daniel shot Bolton within seconds of the door opening.

28. Defendant Daniel shot Bolton intentionally.

29. Defendant Daniel killed Bolton with his gunshots.

30. Bolton suffered at least five gunshot wounds, from at least two rounds fired by Defendant Daniel.

31. At no time did Bolton commit any crime in the presence of Defendant Daniel or pose any threat to law enforcement.

32. Plaintiffs seek wrongful death damages, predeath pain and suffering, punitive damages, and all other damages allowed under state and federal law.

**COUNT ONE**
*Excessive Force*
*under 42 U.S.C. § 1983 and the Fourth Amendment*

33. The law is clearly established that law enforcement cannot use deadly force in the absence of an imminent threat to the safety of officers or others. *See, e.g.*, *Harrell v. Decatur Cty.*, 22 F. 3d 1570, 1573 (11th Cir. 1994) ("Where the suspect is not a fleeing felon and poses no immediate threat to the officer or others, the use of deadly force is a violation of the suspect's Fourth Amendment rights.").

34. Defendant Daniel shot and killed Johnny Bolton when he was unarmed and not posing any threat to anyone.

35. Bolton was not a suspect and had not committed any crime.

36. In the moments immediately prior to Daniel's entry, Bolton was laying down on the couch where he slept.

37. Defendant Daniel's unlawful use of force killed Bolton.

## COUNT TWO
### *State Law Battery*
### *under 42 U.S.C. § 1983 and the Fourth Amendment*

38. The unjustified use of deadly force is battery under Georgia law.

39. Defendant Daniel used deadly force against Johnny Bolton without justification.

40. Defendant Daniel is not entitled to official immunity because he acted with actual malice, that is the deliberate intention to shoot and kill Johnny Bolton, despite knowledge that he posed no threat.

## COUNT THREE
### *Punitive Damages under 42 U.S.C. § 1983 and Georgia Law*

41. Defendant Daniel acted with conscious indifference, reckless disregard for the consequences of their actions, an intent to injure, and malice such that an award of punitive damages is authorized under federal and Georgia law.

WHEREFORE, Plaintiffs demand the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiffs and against Defendant in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

c) That Plaintiffs be awarded reasonable attorneys' fees and expenses under state and federal law;

d) That all costs of this action be taxed against Defendant; and

e) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 20th day of January, 2023.

/s/ Zack Greenamyre
Zack Greenamyre
Georgia Bar No. 293002
/s/ Samantha J. Funt
Samantha J. Funt
Georgia Bar No. 943783

Mitchell, Shapiro, Greenamyre & Funt LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
404-812-4747
zack@mitchellshapiro.com

/s/ William J. Atkins
William J. Atkins
Georgia Bar No. 027060

Edmond, Lindsay & Atkins, LLP

344 Woodward Avenue, SE
Atlanta, Georgia 30312
404-525-1090
batkins@edmondfirm.com
*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared using Times New Roman size 14 in accordance with Local Rules 5.1(c) and 7.1(D).

## CERTIFICATE OF SERVICE

I hereby certify that I have served the within and foregoing on all parties via the Court's electronic filing system to all counsel of record.

This 20th day of January, 2023.

*/s/ Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002